UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.   CV-25-09778-AGR                                              Date: December 3, 2025

Title   Keion Le Jion Bernard v. General Motors, LLC., et. al.

Present: The Honorable:  Alicia G. Rosenberg, United States Magistrate Judge

| K. Lozada | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| n/a | n/a |

**Proceedings: (In Chambers) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Dkt. No. 11)**

　　On October 14, 2025, Defendant General Motors, LLC ("GM") removed this action from Superior Court on the basis of diversity of citizenship. (Dkt. No. 1.)

　　Plaintiff Mr. Bernard ("Plaintiff") filed a motion to remand this action to Superior Court. (Dkt. No. 11.) GM filed an opposition. (Dkt. No. 15.) Plaintiff filed a reply. (Dkt. No. 16.) The motion is appropriate for adjudication without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

　　Plaintiff incorrectly contends that GM's notice of removal was untimely. First, Plaintiff argues that the complaint contains a cause of action under the federal Magnuson-Moss Warranty Act ("MMWA"). The complaint, however, does not contain a cause of action under the MMWA. (Dkt. No. 1.)

　　Second, Plaintiff argues that the complaint clearly alleged that Plaintiff is a resident of California for purposes of diversity of citizenship. Allegation of residency, however, is insufficient for diversity of citizenship. "[T]he diversity of citizenship statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. . . . The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. [Citation omitted.] A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-25-09778-AGR                                                                  Date: December 3, 2025

Title       Keion Le Jion Bernard v. General Motors, LLC., et. al.

Allegation of residency in Plaintiff's complaint is insufficient and the same allegation in a notice of removal would have been deficient. *Id.* at 858; *Revollar*, 2025 U.S. Dist. LEXIS 214589, *4 (same).  The face of the complaint does not allege the jurisdictional minimum amount necessary for diversity of citizenship. (Motion at 7); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005) ("notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry"); *Larch-Miller v. GM, LLC*, 2025 U.S. Dist. LEXIS 215221, *7-*8 (C.D. Cal. Oct. 30, 2025) (collecting cases in this district).

   Alternatively, Plaintiff contends that GM has not established the jurisdictional minimum for purposes of diversity jurisdiction. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (applying preponderance of the evidence standard when, as here, "complaint fails to allege a sufficiently specific total amount in controversy"). Plaintiff has not challenged GM's showing as to Plaintiff's citizenship. (Notice, Dkt. No. 1 at 3; Reply.)  Absent a factual challenge, GM is not required to provide additional evidence of Plaintiff's citizenship. *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019).

   GM has not, however, established the jurisdictional minimum amount in controversy by a preponderance of the evidence.  The complaint alleges three categories of monetary relief:  (1) damages; (2) civil penalties; and (3) attorneys fees.  In its opposition to Plaintiff's motion, GM estimates the actual damages to be $17,142.18 based on a purchase price of $38,672.75 minus deductions of $8,251.02 for mileage offset, $3,200.00 for third party contracts, and $10,169.55 in unpaid financing.  (Opp. at 20; Exhs. A-C to Fitch Decl.)  Plaintiff's reply brief does not address this evidence.  The court concludes that GM has reasonably calculated damages for purposes of diversity jurisdiction.  *Larch-Miller*, 2025 U.S. Dist. LEXIS 215221, *9-*10.

   GM's records indicate the subject vehicle was presented for repair 10-15 times. GM states that, in its experience, plaintiffs with such multiple repair attempts pursue civil penalties. (Fitch Decl. ¶¶ 3, 9 & Exh. B.)  Plaintiff does not address this evidence.  Given the reasonable damage estimate of $17,142.18 and the repair history, a demand for civil penalties of 1.5x the amount of damages ($25,713.27) is a reasonable estimate.  Applying this amount of civil penalties (1.5x damages), the amount in controversy would amount to $42,855.45.  *E.g.*, *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007); *Larch-Miller*, 2025 U.S. Dist. LEXIS 215221, *10-*11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-25-09778-AGR                                              Date: December 3, 2025

Title   <u>Keion Le Jion Bernard v. General Motors, LLC., et. al.</u>

      Finally, the court considers attorneys fees. *Guglielmino*, 506 F.3d at 700. GM's counsel estimates, based on communications to date, that this case is not likely to settle early before discovery and motion practice. (Fitch Decl. ¶ 7.) He estimates attorneys fees of $33,300 taking into account counsel's experience with Plaintiff counsel's demands for attorneys fees, a billing rate of $450 per hour, and a list of tasks and corresponding hours for each task. (Fitch Decl. ¶ 7; Opp. at 21 (citing *Gonzalez v. GM, LLC*, 2025 U.S. Dist. LEXIS 174909 (C.D. Cal. Sept. 8, 2025)); *see Larch-Miller*, 2025 U.S. Dist. LEXIS 215221, *11 (accepting reasonable estimate of attorneys fees based on court's experience in Song Beverly Act cases). Plaintiff does not address this evidence. The court removes the amount allotted to dispositive motions ($4,500) because, in this court's experience, such motions are unusual and counsel does not explain any basis for such motions in this case. Counsel also does not explain why he allots 15 hours to the defense of Plaintiff's deposition and preparation, which appears excessive by four hours. The total amount falls below $70,000.

      For these reasons, Defendant has not shown that this court has subject matter jurisdiction and remand is appropriate. 28 U.S.C. § 1447(c).

      IT IS ORDERED that Plaintiff's motion to remand is GRANTED and this case is remanded to the Superior Court of California, County of Los Angeles, Case No. 25STCV13677. The Clerk is DIRECTED to effect the remand promptly and close this case.

**Initials of Preparer**   kl